# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

LANCE MCDERMOTT,
                    Appellant,

              v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
SF-0752-13-0633-C-1
SF-0752-13-0633-X-1

DATE:  March 14, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lance McDermott, Seattle, Washington, pro se.

Steven B. Schwartzman, Esquire, Seattle, Washington, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
Cathy A. Harris, Member

## FINAL ORDER

On April 25, 2024, the Board issued an Order denying the appellant's petition for review and affirming the administrative judge's compliance initial decision, which found the agency in noncompliance with the decision in the underlying appeal. *McDermott v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-0633-C-1, Compliance Petition for Review (CPFR) File, Tab 7, Order

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

(April 25, 2024). For the reasons discussed below, we now find the agency in compliance and DISMISS the appellant's petition for enforcement and petition for review.

## DISCUSSION OF ARGUMENTS AND EVIDENCE OF COMPLIANCE

At the time relevant to the appellant's initial appeal, he was employed with the agency as a maintenance mechanic. *McDermott v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-0633-I-1, Initial Appeal File (IAF), Tab 8 at 38. Following his appeal of the agency's May 30, 2013 decision to place him on enforced leave, on April 28, 2015, an administrative judge issued an initial decision sustaining the charge and the imposition of enforced leave, denying the appellant's affirmative defenses, and modifying the period of enforced leave. IAF, Tab 52, Initial Decision (ID) at 9-26. Specifically, the initial decision ordered the agency to, among other things, commence the enforced leave action on June 7, 2013; restore the annual leave the appellant used during the period of May 30 to June 7, 2013; and pay the appellant for the appropriate amount of backpay, if any, with interest, no later than 60 calendar days after the date the initial decision became final. ID at 25.

The appellant filed a petition for review, and, following a remand order from the Board concerning certain unaddressed affirmative defenses, *McDermott v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-0633-I-1, Remand Order (Oct. 13, 2015), the administrative judge issued a remand initial decision, which denied the affirmative defenses at issue. *McDermott v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-0633-B-1, Remand File, Tab 36, Remand Initial Decision (Feb. 12, 2016) (RID). That decision became the final decision of the Board on the merits of the appellant's enforced leave appeal after his petition for review was denied as untimely filed without good cause shown. *McDermott v. U.S. Postal Service*, MSPB Docket No. SF0752-13-0633-B-1, Final Order (Jan. 19, 2023) at 1, 5. Accordingly, the administrative judge's original orders concerning the modified

commencement date of the enforced leave, the restoration of the appellant's annual leave, and the issuance of any relevant backpay with interest remained intact.

In the time between the April 28, 2015 initial decision and the time the remand initial decision became final (January 19, 2023), the appellant retired. His last day in a pay status with the agency was December 10, 2019. Thus, as of that date, he became entitled to the value of his restored leave through the issuance of backpay.[2]

On January 29, 2023, the appellant filed a petition for enforcement with the Board. *McDermott v. U.S. Postal Service*, SF-0752-13-0633-C-1, Compliance File (CF), Tab 1. In his petition for enforcement, he argued that the agency was not in compliance with the administrative judge's April 28, 2015 order because the agency had not: (1) paid him 30 days of back pay; (2) restored his 8 days' worth of annual leave; (3) placed him on enforced leave consistent with agency and Office of Personnel Management (OPM) regulations; or (4) given him written notice that it had fully complied with the Board's order. CF, Tab 1 at 5, Tab 6 at 6-7.

After developing the record, the administrative judge issued a compliance initial decision finding that the agency must restore and pay the appellant for the 8-day annual leave period "as an undisputed amount." CF, Tab 18, Compliance Initial Decision (CID) at 5-7. He considered the agency's argument that the appellant refused to complete the requisite forms necessary for it to process the annual leave restoration and backpay amount, but he explained that the agency's compliance was "not contingent" upon the appellant completing the relevant forms.

---

[2] The appellant disputes that he retired from the agency in December 2019. *McDermott v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-0633-X-1, Compliance Referral File (CRF), Tab 8 at 6. However, it appears he is disputing the nature of his separation from the agency, rather than the fact that he separated as of that date—which is a matter of record in at least one of his other appeals. *See McDermott v. U.S. Postal Service*, MSPB Docket No. SF-0752-20-0705-I-1, Initial Decision (Jun. 8, 2021). The nature of the separation is irrelevant to the back pay issues at hand, however. The only relevant issue is the date of the separation, which determines the value of the appellant's leave to be paid out.

CID at 5. He concluded that the agency failed to comply with the Board's order to restore the appellant's annual leave for the period of May 30 to June 7, 2013, and to pay the appellant for the appropriate amount of backpay, if any, with interest, as ordered in the Board's April 28, 2015 initial decision. CID at 7. Accordingly, he granted the appellant's petition for enforcement. Additionally, he again ordered the agency to provide evidence that it complied with the order and to provide a narrative explanation of how it arrived at its calculations, with an accounting of any deductions and any other adjustments. CID at 7-8.

On June 7, 2023, the agency informed the Board that it had taken the actions identified in the compliance initial decision. *McDermott v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-0633-X-1, Compliance Referral File (CRF), Tab 1. The appellant's petition for enforcement accordingly was referred to the Board for a final decision on issues of compliance, pursuant to 5 C.F.R. § 1201.183(c).[3] CRF, Tab 2.

Separately, the appellant filed a petition for review purporting to challenge the compliance initial decision, but primarily challenging the merits of the Board's decision in his underlying case. CPFR File, Tab 2. The agency responded to the appellant's petition for review, to which the appellant replied. CPFR File, Tabs 5-6.

On April 25, 2024, the Board denied the appellant's petition for review of the compliance initial decision, leaving the CID as the operative compliance-related order. CPFR File, Tab 7. Thus, the petition for enforcement was referred to the

---

[3] As noted in the compliance initial decision, the Board's regulations provide that, upon a finding of noncompliance, the party found to be in noncompliance must do the following: (i) to the extent that the party decides to take the actions required by the initial decision, the party must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that the party has taken the actions identified in the initial decision, along with evidence establishing that the party has taken those actions; and (ii) to the extent that the party decides not to take all of the actions required by the initial decision, the party must file a petition for review under the provisions of 5 C.F.R. §§ 1201.114-.115. 5 C.F.R. § 1201.183(a)(6).

Board's Office of General Counsel for additional processing and issuance of a final decision in both matters (the appellant's petition for review, which the Board denied in a non-final order; and the pending matter in which the agency had filed a pleading asserting that it had complied with the CID). See 5 C.F.R. § 1201.183(c). As explained below, the parties submitted additional pleadings following the agency's assertion of compliance, which we now address.

## ANALYSIS

When, as here, the Board finds a personnel action unwarranted, the aim is to place the appellant, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006). The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[4] *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id.*

The agency's statement of compliance asserted that it sent the appellant checks representing backpay and interest and that it is therefore compliant with the Board's orders. CRF, Tab 1 at 4. With this statement of compliance, the agency included copies of the two letters it sent to the appellant informing him that it issued him checks for the backpay and interest, photocopies of the checks, and a copy of a backpay computation summary report demonstrating how the interest was calculated. *Id.* at 6-11. In response, the appellant asserted, among other things,

---

[4] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

that the agency calculated the back pay incorrectly, stating that the agency's explanation of how it arrived at the hours of restored annual leave "is not based on any of the [a]gency's or OPM's [l]eave [r]estoration regulations or the official record." CRF, Tab 3 at 7-8. Specifically, he asserts he was entitled to 72 hours of restored annual leave, as opposed to the 45.5 hours of annual leave restored by the agency. *Id.*

An agency's assertion of compliance must be supported by relevant, material, and credible evidence of compliance in the form of documentation or affidavits. *Cuevas v. U.S. Postal Service*, 90 M.S.P.R. 391, ¶ 5 (2001). In its April 25, 2024 Order, the Board found that the documents submitted by the agency were insufficient to demonstrate whether the appellant's backpay and interest award was correct and whether the agency is therefore compliant with the Board's order. Notably, the agency's documentation did not include evidence, such as time and attendance records, showing how much annual leave the appellant took between May 30 and June 7, 2013, that he was entitled to have restored. Further, neither the agency's statement of compliance, nor its documentation in support thereof, provided an explanation of the rate of pay it used to convert the appellant's restored annual leave to a monetary amount. CPFR File, Tab 7 at 7-8.

The Board therefore ordered the agency to submit satisfactory evidence of compliance within 60 days of the date of the April 25, 2024 Order. Specifically, the Board ordered that the evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(a)(6)(i), including submission of evidence and a narrative statement of compliance. The Board further ordered that the agency's submission shall demonstrate that it properly calculated the appellant's backpay according to the appropriate amount of restored annual leave and related interest. CPFR File, Tab 7 at 7-8.

On May 23, 2024, the agency submitted its evidence of compliance. CRF, Tab 7. The agency provided evidence supporting its assertions, including a declaration explaining the amount of restored annual leave and the rate for such

leave, calculations explaining the amount of interest, and time and attendance records. *Id.*

In a response, the appellant argued, among other things, that the agency's method of calculating the back pay is "not admissible," because the declarant is not the back pay coordinator responsible for personally completing the necessary back pay forms. CRF, Tab 8. The appellant also raises other various issues with the information provided by the agency. Nonetheless, the appellant has not identified any specific errors in the amounts calculated by the agency in terms of the amount of restored leave, the pay rate for such, or the amount of interest. The appellant's general charges of error do not rebut the agency's detailed and specific evidence, because they do not make specific, nonconclusory, and supported assertions of continued noncompliance. *Vaughan*, 116 M.S.P.R. 319, ¶ 5.

In light of the foregoing, we find that the agency is in compliance with its outstanding compliance obligations, and we dismiss the appellant's petition for enforcement and petition for review. This is the final decision of the Merit Systems Protection Board in these compliance proceedings. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a

courtappointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.